FILED

2020 JUL 22 AM 10:05

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

ADAM RANNOW

Petitioner/defendant

VS.                                CASE NO: 3:16-cr-94-J-39MCR

UNITED STATES OF AMERICA

18 U.S.C. 3582(c)(1)(A) MOTION FOR REDUCTION IN SENTENCE UNDER THE "COMPASSIONATE RELEASE" PROVISION OF THE FIRST STEP ACT OF 2018 (F.S.A.).

Comes now the above named petitioner who proceeds pro-se hereby moves this honorable Court under the "compassionate release" provision of the First Step Act of 2018 (F.S.A.) codified at 18 U.S.C. 3582(c)(1)(A) to grant a reduction in sentence to home confinement based on the continued spread of Covid-19 thru defendants facility, the inability of the facility to contain it, The resources required to treat defendant should he become infected and the threat that the spread of Covid-19 currently poses to defendats safety, health and life.

1

## LEGAL AUTHORITY

With regard to defendants sentence being modified under the "Compassionate release" provision of the First Step Act of 2018 The defendant cites below cases where Covid-19 was determined to be "Extraordinary and compelling basis for release." The defendant also cites cases where the administrative remedy process was deemed as having been met or waived in light of the extraordinarily urgent threat posed by Covid-19. Please take note of sections F-I where admin remedy process was waived by other judges due to Covid-19.

A.) UNITED STATES V. FOSTER. NO. 1:14-cr-324-02 DKT NO 191 (M.D.Pa, April 3, 2020)

Judge Jones granted defendants release pursuant to 18 U.S.C. 3582(c)(1)(A) noting "the unprecedented circumstances facing the prison system" and finding that Covid-19 is an extraordinary and compelling basis for release. Indeed, "No rational is more compelling or extraordinary."

B.) UNITED STATES V. HAKIM. NO. 4:05-cr-40025-LLP (P.S.P April 6 2020)

Judge Piersol reducing sentence by an extra 40 months under the F.S.A. in light of the extreme danger of Covid.

2

C.) <u>UNITED STATES v. KENNEDY, 18-cr-20315 (JEL) (3-27-20)</u> Court notes that "waiting for defendant to have a confirmed case of Covid-19 would render meaningless this request for release. Such a failure to act could have devastating consequences for defendant and would create serious medical and security challenges to the existing prison population."

D.) <u>UNITED STATES v. HERNANDEZ No. 18-cr-20474 (S.D. Fla 4-2-20)</u> Judge Altonaga granted an unopposed motion for compassionate release.

E.) <u>UNITED STATES v. STEPHENS No. 15-cr-95-AJN, 2020 WL 1295155</u> Judge Nathan ordered defendant released to the conditions of home incarceration and electronic monitoring as directed by the probation department based in part on "the unprecedented and extraordinarily dangerous nature of Covid-19."

F.) <u>UNITED STATES v. COLVIN No. 3:19-cr-179 (JBA) 2020 WL 1613943</u> Judge Janet Bond Arterton waived defendants exhaustion requirement concluding "in light of the expectation the Covid-19 will continue to spread over the next several weeks the court concludes that the risks faced by defendant will be minimized by her immediate release under compassionate release."

<u>3</u>

G.) UNITED STATES v. TEPSEN No. 3:19-cv-00073(VLB) 2020 WL 1640232
Judge Vanessa Bryant waived exhaustion requirements and granted compassionate release pursuant to 18 USC 3582 to a defendant with 8 weeks left to serve, in light of the severe risks posed by COVID-19.

H.) UNITED STATES v. PEREZ No. 17-cr-5130(AT)(S.D.N.Y 4-1-20)
"The court holds that perez's exhaustion of the administrative process can be waived in light of the extraordinary threat posed - in his unique circumstances - by Covid-19."

I.) UNITED STATES v. MARIN No. 15-cr-252, DKT.NO. 1326
"Although defendant has not exhausted his admin remedies in the manner prescribed in 3582(c), because the government is consenting to the requested sentencing reduction, the court deems section 3582(c)'s exhaustion requirement as having been met."

4

## EXTRAORDINARY AND COMPELLING REASONS

Defendants facility has a large number of Covid-19 infected inmates and staff and the disease is spreading at an alarming rate. In a matter of weeks the disease has spread and infected more than half of the housing units on the compound.

The facility has a large amount of absent staff totalling over 70 the week of 7-9-20, thereby affecting the running of the institution including responding to the forms filed thru the inmate grievance process thereby preventing many inmates from satisfying the exhaustion of administrative remedy process including defendant who has been waiting for over two months for a single response to his multiple forms filed. Defendants compound has been locked down since the end of March 2020 thereby preventing him from being able to speak with appropriate staff, obtain copies as proof of filing, and ultimately fulfill the requirement of the exhaustion of administrative remedy process. Due to these circumstances the defendant asks that the court deem Section 3582(c)'s exhaustion requirement as having been met or hold that the exhaustion be waived due to the impossibility of completion brought on by the strain that Covid-19 has had on defendants facility.

-Defendant is a non-violent drug offender that was sentenced, uppposed, to the lowest end of his guideline range and also given a one point reduction for having a minor role involvement in the offense charged. Defendant poses no threat to the community if released.

Defendant currently has a halfway house/home confinement release date of 2-9-21 and has a strong family support system including a mentally ill father who is in need of his assistance as well as a minor child that the childs mother cannot care for while maintaining employment to pay for their home. With no school in session or day/childcare open it is impossible for childs mother to care for him while maintaining employment in order to provide for them.

Defendant has served 45 months (including allotted good time credits.) of his 60 month sentence to date.

6

## POST CONVICTION REHABILITATIVE EFFORTS

Defendant was ordered to pay an assessment fee and fine and has completed both. Defendant was ordered to enroll in the residential drug program (RDAP) and applied but was deemed ineligible for admittance due to lack of verifiable substance abuse history. Defendant completed a non residential drug program offered at his facility by the psychology department during his time. Defendant also completed a health awareness class and HIV/AIDS awareness class. Defendant has taken the intermediate and advanced curriculum offered by McGraw-Hill in options, futures and derivities and has prepared himself for a possible future in investments and finance. Defendant has held a job during his time in the B.O.P. and has maintained and improved healthy relationships in the community and with his supportive family.

## REENTRY PLAN

Upon release defendant will reside with his minor child and childs mother at 7800 Point Meadows Dr. #329 Jax, FL. 32256. The couple has a minor child that requires home care that the mother is not able to provide and maintain employment. A home phone is present and her contact info is Faith Apanovitch Cell 904-703-8868.

Defendant has been offered a position with the C.A.N.-D.O. clemency foundation by the head Ms. Amy Povah

7

and will also pursue employment with the Amazon hub in Jacksonville, Florida.

    Defendant has an senior father listed in his P.S.I. who has developed dementia and would greatly benefit from his care and assistance as he is unable to be employed and survives on minimal Social Security. Defendants father is very unhealthy and has incredible difficulty caring for his mental health.

    Defendant has a stable residence to go to and also a large and supporting family including the members listed below.

Faith Apanovitch - 904-703-8868 -cell
Alan Rannow (brother) 904-666-9666-cell
Debra McGinnis (mother) 904-422-1236-cell
Tracy Rannow (father) 4359 Spring Park Rd Jax, Fl. 32207

## RELIEF REQUESTED

The defendant is requesting a reduction in sentence, or home confinement via compassionate release under The First Step Act due to Covid-19 spreading thru his facility and the extraordinary threat that it poses to his life should he become infected.

Defendant asks that the court take into consideration his limited time left until his halfway house release date of 2-9-21, as well as the immense strain that would be eased on his family were he to be released.

## CONCLUSION

Petitioner submits this 18 U.S.C. 3582(c)(1)(A) motion in good faith with hopes that this honorable Court enter an ORDER granting petitioners motion to have his sentence modified in light of Covid-19 and the threat posed by it to defendant, defendants family and the facility defendant is currently housed at.

Respectfully Submitted,

Adam Rannow 67848-018

10

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of foregoing motion to modify sentence based upon the "compassionate release" provision of the First Step Act of 2018 (F.S.A.) codified at 18 U.S.C. 3582 (c)(1)(A) by placing the same in a properly addressed envelope with first class postage pre-paid by U.S. Mail to ensure delivery upon:

This 20th day of July 2020

U.S. Attorneys office FLM
Kelly Karase / Bonnie Ames Glober
Suite 700
300 N. Hogan St.
Jacksonville, FL 32202

Adam Rannow 67848-018
FCI Jesup
2680 hwy 301 South
Jesup, Georgia 31599

11

<u>CLERK OF THE COURT</u>

Please find enclosed the original foregoing motion seeking to have sentence modified under the First Step Act upon filing of this motion. Would you please send me a stamped, filed copy of this motion. I kindly ask for a copy of the rules, procedures and the appeal process of a 3582 motion be sent as well. A self addressed stamped envelope has been included.

*[signature]*

Adam Rannow 67848-018

FCI Jesup

2680 hwy 301 South

Jesup, Georgia 31599