UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 3:16-cr-94-J-39MCR

ADAM WYATT RANNOW                ORDER ON MOTION FOR
                                 SENTENCE REDUCTION UNDER
                                 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

    ☒ FACTORS CONSIDERED

Defendant Adam Rannow is a 47-year-old inmate incarcerated at Jesup FCI, serving a 60-month term of imprisonment for conspiracy to import methylenedioxy-methamphetamine (MDMA) and possession of MDMA with intent to distribute. (Doc. 44, Judgment). According to the Bureau of Prisons (BOP), he is due to be released from prison on November 3, 2021. Rannow seeks compassionate release because of the Covid-19 pandemic, his facility's alleged deficiencies in responding to the virus, and family circumstances. (Doc. 51, Motion).

---

[1] For purposes of this Order, the Court assumes that Rannow has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Rannow has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Rannow expresses concern about coronavirus spreading through his prison, but he does not identify, or provide evidence of, any underlying medical conditions that would make him particularly susceptible to serious illness from Covid-19. As other courts have recognized, the fear of contracting Covid-19 alone – which is something in common to every prisoner in the country – is not a basis for compassionate release. See Raia, 954 F.3d at 597; United States v. Ramirez, 459 F. Supp. 3d 333, 337–38 (D. Mass. 2020) (collecting cases).

Rannow also appears to seek compassionate release to care for "a mentally ill father who is in need of his assistance as well as a minor child that the child's mother cannot care for while maintaining employment to pay for their home." Motion at 6. Rannow neither alleges, nor provides any evidence, that no other caregiver is available for his father or minor child. Rannow's allegations further suggest that, although the child's mother may have difficulty balancing childcare and maintaining employment (as many

single parents do), the mother is raising the child. The Court respects Rannow's concern for his family. Unfortunately, however, when a person is convicted and sentenced to prison, it inevitably imposes hardships on that individual's family, including partners or former partners who must take on added responsibility for childrearing. The family circumstances alleged are not so extraordinary and compelling as to warrant compassionate release. See U.S.S.G. § 1B1.13, cmt. 1(C).[2]

Because the Court finds that Rannow has not shown extraordinary and compelling circumstances, it need not address whether he is a danger to the community, U.S.S.G. § 1B1.13(2), or the sentencing factors under 18 U.S.C. § 3553(a). Accordingly, Rannow's Motion for Compassionate Release (Doc. 51) is **DENIED**.[3]

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of November, 2020.[4]

BRIAN J. DAVIS
United States District Judge

---

[2] The Court recognizes that there is a split of authority over whether district courts are confined to the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

[3] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

[4] The Court granted Rannow permission to file a reply brief, not to exceed 15 pages, no later than October 19, 2020. (Doc. 55). As of this date, the Court has not received a reply brief.

lc 19

Copies:
Counsel of record
Defendant